RECEIVED
U. WESTERN DISTRICT OF L
ROBERT H. SHEMWELL, CLERK
DATE 3 / 22 / 06
BY DM

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

JAMES EDWARD PARKS

CRIMINAL NO. 02-50067-05
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is James Edward Parks's ("Parks") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 252. Based on the following, Parks's motion is **DENIED**.

## I. BACKGROUND

### A. Factual Background.

On August 27, 2002, Lauren Wommack ("Wommack") was arrested in Shreveport, Louisiana after attempting to retrieve a package containing methamphetamine from Federal Express. Although the package was addressed to Wommack, she informed law enforcement officers that Anthony Johnson ("Johnson") instructed her to deliver the drugs to others. Johnson was subsequently arrested and agreed to assist law enforcement officers. His cooperation included

making monitored phone calls to his buyers. Petitioner Parks, who lived in Tennessee, was one recipient of Johnson's monitored phone calls. Some of these calls were recorded by authorities. One such taped conversations between Parks and Johnson, during which Parks allegedly made incriminating statements about a future shipment of drugs, was lost before trial.[1]

Drug Enforcement agents in Tennessee orchestrated a controlled delivery of drugs from Johnson to Parks. Following the controlled delivery, DEA agents executed a search warrant of Parks's residence. Pursuant to the search, the agents discovered a piece of paper with Johnson's phone number, along with the Federal Express tracking number of the package sent during the controlled delivery. Parks was then arrested.

## B. Procedural History.

On February 26, 2002, a grand jury returned a four-count indictment against Parks, charging him with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Record Document 33. Parks tried his case to a jury and was

---

[1] This lost tape forms the basis for one of Parks's challenges in the instant motion.

2

convicted of conspiracy to possess with the intent to distribute 5 grams or more of methamphetamine or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

On November 17, 2003, Parks was sentenced to 60 months imprisonment and a four year term of supervised release. He appealed to the Fifth Circuit Court of Appeals, which affirmed both his conviction and sentence.

## II. LAW AND ANALYSIS

Parks raises five ineffective assistance of counsel claims which, if true, implicate a violation of his Sixth Amendment rights. Although the government asserts that "not all ineffective assistance of counsel claims are cognizable for the first time on collateral attack absent proof of 'manifest injustice,'" this court will address the merits of Parks's contentions because ineffective assistance of counsel claims should generally be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255, rather than on direct appeal, as the record is not fully developed. See United States v. Cornett, 195 F.3d 776, 781 n.2 (5th Cir. 1999).

### A. Ineffective Assistance Of Counsel.

Parks urges a violation of his right to effective assistance of counsel. In support of this, he cites his counsel's failure to: (1) "challenge constructive amendment and fatal variance of indictment permitting conviction of actually

innocent of [sic] elements not alleged in the indictment or proven to a jury . . . ;" (2) "challenge government's use of illegally bolstered testimony and advance materiality aspects of actually innocent [sic] secured by use of false and manufactured evidence;" (3) "challenge instructional error or provide adequate alternative jury instructions;" and (4) "challenge by objection and preserve erroneous application of mandatory minimum sentence imposed pursuant to incorrect statutory application." Record Document 252 at 4-19.

To prevail on a claim of ineffective assistance of counsel, Parks must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. To satisfy the prejudice prong of the Strickland test in the context of a non-capital sentencing proceeding, Parks must establish "a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh." United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995). If Parks fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

1. **Failure To Challenge The Purported Amendment Of The Indictment.**

Parks contends that his trial counsel was ineffective because he failed to challenge the "constructive amendment and fatal variance" of the indictment. Record Document 252 at 4. Parks argues that the indictment was constructively amended because it charged him with "intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine," while the jury was provided with a special

interrogatory in which three potential drug quantities were presented. On the verdict form, the jury was instructed that if it unanimously found Parks guilty of the charge contained in Count One of the indictment (conspiracy to possess with intent to distribute 50 grams of methamphetamine), then it should proceed to question two to determine the drug quantity. Question Two stated,

> AS TO THE CHARGE CONTAINED IN COUNT ONE, WE UNANIMOUSLY FIND THAT THE QUANTITY OF METHAMPHETAMINE IS:
>
> ___ 50 GRAMS OR MORE OF METHAMPHETAMINE OR 500 GRAMS OR MORE OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE, <u>OR</u>
>
> ___ 5 GRAMS OR MORE OF METHAMPHETAMINE OR 50 GRAMS OR MORE OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE, <u>OR</u>
>
> ___ LESS THAN 5 GRAMS OF METHAMPHETAMINE OR LESS THAN 50 GRAMS OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE.

The jury ultimately convicted Parks of 5 grams or more of methamphetamine or 50 grams or more of a substance containing a detectable amount of methamphetamine. Parks alleges this action constitutes an impermissible variance of the indictment.

Constructive amendment of an indictment occurs when "the jury is permitted to convict a defendant based on an alternative basis permitted by the statute, but not charged in the indictment." United States v. Partida, 385 F.3d 546, 557 (5th Cir. 2004). However, not every variance between an indictment and the jury instructions constitutes a constructive amendment, for some variances are deemed harmless error. See United States v. Orr, 136 Fed. App'x. 632, 639 (5th Cir. 2005). A constructive amendment of the indictment will be considered "reversible error *per se* if there has been a modification at trial of the elements of the crime charged." United States v. Nunez, 180 F.3d 227, 230-231 (5th Cir. 1999). "The proper inquiry is not whether the [jury] instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury *did* so apply it." United States v. Phipps, 319 F.3d 177, 190 (5th Cir. 2003).

In the instant case, the jury found Parks guilty of a lesser offense than the one charged by the government. In other words, rather than facing conviction for 50 grams or more of methamphetamine, the jury limited Parks's guilt to 5 grams of methamphetamine. Such a conviction is proper. Federal Rule of Criminal Procedure 31(c) provides that a defendant may be found guilty of "an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c). The proof

7

required for conviction of the lesser offense of 5 grams of methamphetamine was necessarily included in the proof required for proving 50 grams of methamphetamine.

Furthermore, the court's use of a special interrogatory to determine drug quantity "is endorsed in the note to the Fifth Circuit Pattern Instruction [] 2.89 . . . ." United States v. Arnold, 416 F.3d 349, 356 (5th Cir. 2005). In the 2001 edition of the Fifth Circuit Pattern Jury Instructions, instruction 2.89 outlines the elements necessary for proof of a violation of 21 U.S.C. § 846. The instruction contains four elements, the fourth of which provides "that the overall scope of the conspiracy involved at least ___ [amount] of ___ [substance]." The note to the instruction clarifies, however, that

> The fourth element, prompted by the Apprendi doctrine, is required when the indictment alleges a quantity that would result in an enhanced penalty under 21 U.S.C. § 841(b). Generally, the exact quantity of the controlled substance need not be determined so long as the jury establishes a quantity at or above a given baseline amount in the appropriate subsection of § 841(b). However, if there is a fact dispute as to whether the amount is above or below a particular baseline (e.g., 100 kilograms of marijuana versus 99 kilograms), the court may consider submitting the higher amount in the fourth element, accompanied by a Lesser Included Offense instruction, No. 1.33, for the lower amount. *Alternatively, the court may substitute for the fourth element a special interrogatory on the verdict form asking the jury to determine the exact amount of the controlled substance.*

(emphasis added) (internal citations omitted). Thus, the use of the special interrogatory to determine the quantity of drugs for which Parks was responsible was appropriate. This court did not err by entering a conviction for at least 5 grams of methamphetamine because the special interrogatory clearly demonstrated that the jury unanimously found the government had proved beyond a reasonable doubt the elements of sections 841 and 846 violations. The jury simply limited Parks's criminal liability by lessening the quantity of drugs for which he was responsible.

Because this court was free to submit a special interrogatory to the jury and enter a conviction in accordance with the jury's findings, Parks's counsel did not render ineffective assistance by failing to object to this turn of events. Indeed, counsel is not deemed "deficient for failing to press a frivolous point." Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Nor is counsel required to make the futile motions or objections desired by his client. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990). Therefore, Parks's counsel was not ineffective for failing to object to this court's use of a special interrogatory to determine Parks's drug quantity.

## 2. Failure To Challenge The Government's Testimony.

In this challenge, Parks asserts that his attorney ineffectively raised and argued an alleged violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963). Essentially, Parks claims that the government suppressed evidence of a tape-recorded conversation between Parks and Johnson that was favorable to him. He alleges that the government then presented Johnson's "manufactured" testimony, "illegally bolstered" by a DEA agent's testimony, regarding future drug transactions between Johnson and Parks, which only the missing tape could refute. These actions purportedly culminated in a Brady violation. Although Parks's attorney did, in fact, raise a Brady claim on appeal, Parks urges that his counsel did so ineffectively by providing the Fifth Circuit with "a scant 20 lines of nebulous argument under the wrong controlling citation . . . ." Record Document 252 at 13.

Upon closer examination, it appears that Parks's instant argument is based on his attorney's classification of the tape as "misplaced" rather than intentionally suppressed by the government. Indeed, in its rejection of Parks's Brady challenge, the Fifth Circuit stated that "Parks has not alleged any misconduct on the part of the government, i.e., that the government suppressed the tape." Record Document 247 at 15. In other words, because Parks's attorney did not argue that the prosecution

10

*suppressed* the evidence, but rather simply *lost* the evidence, his <u>Brady</u> challenge was rejected.

Parks's instant claim is without merit. A review of the record reveals no indication that the missing tape was ever suppressed by the government. In fact, the evidence demonstrates only that the tape was indeed lost, as Parks's counsel argued on appeal. Parks's attorney thus had no grounds upon which to make an accusation of intentional suppression on the part of the government. Parks's unsubstantiated assertions to the contrary cannot sustain his burden here. As the Fifth Circuit has explained,

> Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his <u>pro</u> <u>se</u> petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. We are thus bound to re-emphasize that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.

<u>Ross v. Estelle</u>, 694 F.2d 1008, 1011-1012 (5th Cir. 1983) (citations omitted). Accordingly, Parks's claim that his counsel was deficient for failing to argue suppression of the missing tape fails.

### 3. Failure To Challenge Jury Instructions.

In this challenge, Parks contends that his attorney rendered ineffective assistance by failing to challenge the jury instructions both at trial and on appeal. He

asserts that the instructions provided to the jury were inconsistent with the verdict form, which allowed the jury to convict on a lesser drug quantity than the 50 grams of methamphetamine charged by the government. Parks contends that

> "**no transcripts** exist of exactly how the Court, after [reading the jury] instructions, explained a verdict form that was in direct contradiction to the law as instructed, that permitted Parks to be convicted of <u>any drug</u> quantity other than the 50-500 grams that was alleged in the indictment and served up in the Government's case-in-chief."

Record Document 252 at 15-16. However, a review of the record reveals that this court did, in fact, adequately explain the verdict form to the jury. The court explained to the jurors that they should first determine whether Parks was guilty or not guilty. See Record Document 174. Then, only if the answer to the first question was guilty, the jury was instructed to answer the second question, which pertained solely to drug quantity, by determining which of the three drug quantities the offense involved. See id. The court clearly instructed the jury that the drug quantity choices provided in the verdict form contained the two lesser included offenses of 5 grams and less than 5 grams. See id.

Essentially, this challenge is a thinly-veiled attempt to reargue the legality of special interrogatories. However, as discussed previously in this memorandum ruling, the use of a special interrogatory, which allows the jury to determine the drug

quantity for which a defendant is responsible, is permissible. Therefore, the court finds that the jury instructions, along with the explanation accompanying the verdict form, adequately explained the charges against Parks, as well as the lesser included offenses for which he could be found guilty. Again, because the use of a special interrogatory was appropriate in this instance, Parks's attorney cannot be deemed ineffective for choosing not to pursue a frivolous challenge. As the Fifth Circuit has repeatedly held, an attorney is not deemed "deficient for failing to press a frivolous point." Sones, 61 F.3d at 415 n.5. Nor is counsel required to make the futile motions or objections desired by his client. See Koch, 907 F.2d at 527. As such, this challenge is without merit.

### 4. Failure To Object During Sentencing.

Parks contends that he was erroneously sentenced under 21 U.S.C. § 841(b)(1)(B)(viii),[2] which imposes a mandatory minimum sentence of five years, rather than the default statutory penalty provided pursuant to 21 U.S.C. §

---

[2] Title 21 of the United States Code, section 841(b)(1)(B)(viii) provides that the appropriate penalty for possession with the intent to distribute 5 grams or more of methamphetamine or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine is "a term of imprisonment which may not be less than 5 years and not more than 40 years . . . ."

841(b)(1)(C),[3] which imposes a sentence between zero and twenty years. He asserts that because the indictment did not contain an allegation of 5 grams- the drug quantity for which Parks was ultimately convicted- then this court erred by sentencing him in accordance with the penalties applicable to a conviction for 5 grams of methamphetamine. Because his attorney failed to object during sentencing and failed to argue the applicability of the default statutory provision found under section 841(b)(1)(C), Parks submits he received ineffective assistance of counsel.

However, as already discussed in this ruling, the jury found Parks guilty of conspiracy to possess with intent to distribute 5 grams of methamphetamine. Because he was convicted of this particular drug quantity, the penalty provided by 21 U.S.C. § 841(b)(1)(B)(viii) was appropriately applied. Parks was not entitled to the default statutory penalty set forth in 21 U.S.C. § 841(b)(1)(C) because the jury found him guilty of a drug amount that triggered the more severe provisions of section 841(b)(1)(B)(viii). Accordingly, Parks's attorney was not ineffective for failing to raise this frivolous challenge.

---

[3] Title 21 of the United States Code, section 841(b)(1)(C) provides that the appropriate penalty for possession with intent to distribute a Schedule I or Schedule II controlled substance is "a term of imprisonment of not more than 20 years . . . ."

### 5. Failure To Raise <u>Blakely</u> Decision On Appeal.

Finally, Parks argues that his attorney rendered ineffective assistance by failing to raise on appeal the United States Supreme Court decision of <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004). Significantly, Parks concedes that his attorney filed his appellate brief before <u>Blakely</u> was even decided. Indeed, he claims that his counsel "filed his opening brief barely 30 days before the Court released <u>Blakely</u> and the Government's reply brief was not filed until July 23, 2004, almost 30 days post <u>Blakely</u>, without any **mention whatever**." Record Document 252 at 22. However, it is clear that counsel cannot be found ineffective for failing to cite future jurisprudence. <u>See</u> <u>Ogan v. Cockrell</u>, 297 F.3d 349, 360 (5th Cir. 2002) (holding that an attorney's performance is evaluated based upon the law as it existed at the time of trial and "counsel is not required to anticipate subsequent developments in the law."). At the time he submitted his appellate brief, Parks's attorney could not foresee the particular ramifications of the <u>Blakely</u> decision, much less argue for his client based on <u>Blakely</u>, as <u>Blakely</u> had not yet been decided by the Court.

Parks advances no argument regarding whether his attorney had a duty to file a supplemental brief with the court, informing it of the <u>Blakely</u> decision and its

15

applicability to Parks's appeal. Therefore, because Parks failed to submit this particular argument for consideration here, this court will deem it waived. See United States v. Bass, 310 F.3d 321, 326 n. 11 (5th Cir. 2002). Nevertheless, it should be noted that advancing Blakely on appeal ultimately would have been a fruitless exercise. Indeed, prior to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Fifth Circuit held that Blakely did not affect the Sentencing Guidelines. Therefore, at the time when Parks's case was on direct review by the Fifth Circuit, Blakely was inapplicable to any arguments stemming from the imposition of the Sentencing Guidelines. See United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004) (declaring that, "Having considered the Blakely decision, prior Supreme Court cases, and our own circuit precedent, we hold that Blakely does not extend to the federal Guidelines . . . .").

Finally, although Parks does not appear to advance either a Blakely or Booker claim in his habeas petition, this court notes that such an argument would be frivolous under Fifth Circuit precedent. See United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) and In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (holding that Blakely and Booker do not apply retroactively to cases on collateral review).

## III. CONCLUSION

Ultimately, Parks has failed to satisfy either prong of the Strickland test. As to cause, he has neglected to present any evidence to overcome the presumption that his attorney's actions were encompassed within the wide range of reasonable competence and fell under the ambit of strategy. As to prejudice, he has presented no evidence establishing that his attorney's actions were so serious as to render the proceedings unreliable and fundamentally unfair. Accordingly, Parks's ineffective assistance claims are without merit. Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 252) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 21st day of March, 2006.

JUDGE TOM STAGG